**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

CATRINA FORD CARTER and
JOEL CARTER, SR,

     Plaintiffs,

     v.                               Case No. 2:25-cv-02381-BCL-atc

21st MORTGAGE CORPORATION;
PHILIP L. ROBERTSON, ESQ.; and
JUDGE MARY WAGNER,

     Defendants.

---

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORTS AND RECOMMENDATIONS**

---

Before the Court is Magistrate Judge Annie T. Christoff's Report and Recommendation (Doc. 20) on Defendants 21st Century Mortgage Corporation and Philip L. Robertson, Esq.'s Motion to Dismiss (Doc. 9) and Defendant Tennessee Supreme Court Justice Mary L. Wagner's Motion to Dismiss (Doc. 15). Plaintiffs filed objections (Doc. 22) within the allotted fourteen (14) days. For the reasons given below, those objections are overruled, and the Report is adopted.

**STANDARD OF REVIEW**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the

order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## **<u>DISCUSSION</u>**

The Court has reviewed the Report and the entire record in this matter and finds error— clear or otherwise—in the Magistrate Judge's analysis or conclusions. Moreover, in the Report the magistrate judge warned that:

> Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

Doc. 20 at 15.

**I**. Plaintiffs first assert that the Magistrate Judge incorrectly concluded that Plaintiffs' claims seek review of a state foreclosure judgment and are thus barred by the *Rooker-Feldman* doctrine. Doc. 22 at 1-2. Plaintiffs argue that their claims arise from (1) use of an incorrect and legally defective property description, (2) robo-signing and fraudulent documentation, (3) violations of RESPA and federal consumer protection statutes, and (4) civil rights and due process violations arising from Defendants' conduct. *Id*. at 2.

2

"The *Rooker-Feldman* doctrine bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020). To determine whether *Rooker-Feldman* bars a claim, Courts look to the "source of the injury the plaintiff alleges in the federal complaint." *Id*. "If the source of the plaintiff's injury is the state-court judgment itself, then *Rooker-Feldman* applies." *Id.* "A court cannot determine the source of the injury 'without reference to [the plaintiff's] request for relief.'" *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012). The Magistrate Judge determined that "Plaintiffs' lawsuit in this Court is the functional equivalent of an appeal from the Foreclosure Proceeding and an attempt to collaterally attack issues that were litigated by the Defendants and determined by Justice Wagner." Doc. 20 at 9.

In their Complaint, Plaintiffs' requested relief is as follows: to redeem my/our property held in fraud trust[, and] plaintiffs pray for courts for recission of said property [and] [t]o reverse Error[s] of Law committed by all parties." Doc. 2 at 3-4. Their stated causes of action include denial of a jury trial, denial of qualified written requests, inaccurate description of the property, inaccurate statements by a trustee, complaints against notaries, and judicial bias. *Id*. at 1-2. Each cause of action stems from the injury Plaintiffs allegedly sustained due to the state court judgment. This connection is further evidenced by their request for relief, which seeks the return of the property. This confirms that the injury arises directly from the state court foreclosure.

Because Plaintiffs' claims essentially seek to set aside a state-court judgment, the Magistrate Judge did not err in recommending denial due to lack of subject matter jurisdiction. Plaintiff's first objection is **OVERRRULED**.

3

**II**. The Plaintiffs next objects on the grounds that they are not requesting a review or reversal of the state court's decision, but rather seeking relief for Defendants' unlawful conduct, including damages and appropriate federal statutory relief. Doc. 22 at 2. However, as discussed above, the conduct Plaintiff is referencing is conduct undertaken by the state court during the state court proceedings. The requested relief explicitly asks for a return of the property. Because the Complaint is indeed requesting a review or reversal of the foreclosure, the claims are barred. The Plaintiff's second objection is **OVERRRULED**.

**III.** Plaintiffs also object that the incorrect property description creates an independent federal claim. Doc. 22 at 2. Again, the description of the property was determined and adjudicated in the state foreclosure proceeding. This Court, under the *Rooker-Feldman* doctrine, does not have jurisdiction to reevaluate the state court's findings and judgment. The Plaintiff's third objection is **OVERRRULED**.

**IV.** Plaintiffs then object that the 11th Amendment does not bar their claims against 21st Century Mortgage Corporation because it is a private entity. Doc. 22 at 3. However, the Report does not assert that sovereign immunity applies to 21st Century. Rather, the Magistrate Judge determined that the Eleventh Amendment bars claims against Justice Wagner acting in her official capacity. Doc. 20 at 9-11. Because Plaintiffs do not object to the Report's conclusion that the claims against Justice Wagner should be dismissed, the Court adopts the Report as to the dismissal of Justice Wagner. This fourth objection is **OVERRULED**.

**V.** Plaintiffs next contend that they have sufficiently pled claims and these should be construed liberally because they are proceeding pro se. Doc. 22 at 3. This Court agrees that "pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

4

However, "judges are not also required to construct a party's legal arguments for him." *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

The Plaintiffs have failed to adequately plead claims that come within this Court's jurisdiction and state a claim for relief. Plaintiffs' fifth objection is **OVERRULED**.

**VI.** Plaintiffs also assert without elaboration that claims alleging fraud and misconduct are not barred by *Rooker-Feldman*. Doc. 22 at 3. For the reasons set forth above in this Court's discussion of the *Rooker-Feldman* doctrine, Plaintiffs' sixth objection is **OVERRULED**.

**VII.** Finally, Plaintiffs request leave to amend should the Court find any portion of their Complaint is insufficiently pled. Doc. 22 at 4. Plaintiffs correctly note that "the Sixth Circuit favors resolving cases on their merits and allowing amendment where deficiencies can be cured." *Id*. "Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading after its initial amendment only by leave of the court, and 'leave shall be freely given when justice so requires.'" *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). "A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss.'" *Id*.

The current Complaint contains no causes of action that are curable by amendment. Even if Plaintiffs were to incorporate the claims raised in their objections, such as the use of a defective property description, robo-signing, fraudulent documentation, RESPA and federal consumer protection violations, or due process and civil rights claims, this Court would remain without jurisdiction, and the claims would fail. Doc. 22 at 2. Because each of these proposed claims arises directly from the state court proceeding, any such amendment would be futile. The underlying state court action and the subsequent "injuries" cannot be pleaded in this Court. Plaintiffs' seventh objection is **OVERRULED**.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Report.

<u>**CONCLUSION**</u>

Accordingly, the Court hereby **ADOPTS** the Report (Doc. 20). Plaintiff's objections (Doc. 22) are **OVERRULED.** The Motions to Dismiss (Docs. 9, 15) are **GRANTED.** Any other pending motions are **DENIED** as moot. This case is **DISMISSED,** and the Clerk of court is **DIRECTED** to close the case.

**IT IS SO ORDERED**, this 7th day of May, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE